UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN F. LONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 09-2431 (RBW) |
| | ) |
| JOHN KENT et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter, removed from the Superior Court of the District of Columbia on the grounds of diversity jurisdiction, is before the Court on the defendants' motion to dismiss for failure to comply with the minimum requirements of Rule 8(a) of the Federal Rules of Civil Procedure. The pro se plaintiff has filed a response. The defendants' motion will be granted and the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The complaint filed in Superior Court states as follows:

> <u>cell phone</u> <u>lifestyle</u> car, food, clothes, job, health, 2005 North Capitol Center 7N NW DC service me eye elements (come 7N/047 some way) service was changed by the and myself (runaround) ordered not to do the service keep in I destroyed my life.

Complaint at 1. The following is written in the left margin of the complaint:

> Verizon
> features
> of phone
> home
> ____
> note
> 2005
> resigned
> job [illegible]

*Id.* The complaint seeks a judgment of $627,500 and does not mention either of the defendants, John Kent or Wells Fargo, except in the caption.

The plaintiff's response to the defendants' motion to dismiss states in its entirety as follows:

> I need the money of body harm done killer pain and suffering of my body during that time and now unemployed and no medical insurance no ways coming in. The company never tried to pay the damages of life fun destroy survi[v]al of life.

Plaintiff's Motion for Dismiss Respond to Defendants at 1-2.

Complaints filed by pro se litigants are held to less stringent standards than are formal pleadings drafted by lawyers. *See Haines v. Kerner* , 404 U.S. 519, 520 (1972). Nonetheless, pro se plaintiffs must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch* , 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8 of the Federal Rules of Civil Procedure designates the minimum requirements for complaints. *See* Fed. R. Civ. P. 8(a). In relevant part, Rule 8(a) requires that a complaint contain "a short and plain statement showing that the plaintiff is entitled to relief." *Id.* This basic requirement is designed to provide defendants with sufficient notice of the claim or claims being asserted in order to allow defendants to prepare a responsive answer and an adequate defense, and to determine whether the doctrine of res judicata applies. *Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C. 1977).

Whether viewed alone or along with the plaintiff's response to the motion to dismiss, the complaint does not provide any facts alleging wrongful conduct on the part of the defendants, or even mention the defendants. Moreover, there is insufficient factual information in the complaint to elucidate the nature of any claim being asserted. A defendant cannot be expected to mount a defense against such a complaint. Accordingly the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal where a complaint filed without prepayment of fees "fails to state a claim on which relief may be granted").

A separate order accompanies this memorandum opinion.

                                              REGGIE B. WALTON

Date: April 30, 2010                   United States District Judge